IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:16-CV-233-D

KELVIN J. DIXON, and )
STEPHANIE DIXON, )
)
Plaintiffs, )
)
v. ) **ORDER**
)
PRUDENTIAL PRIME PROPERTIES, )
JODY TINGEN, PISTOL TINGEN, )
JEFF MATHIS HOME INSPECTION )
SERVICE, and DANNY HARRINGTON, )
)
Defendants. )

On August 22, 2016, Kelvin J. Dixon and Stephanie Dixon ("plaintiffs"), proceeding pro se, filed suit against Prudential Prime Properties, Jody Tingen, Pistol Tingen, Jeff Mathis Home Inspection Service, and Danny Harrington (collectively, "defendants") alleging various constitutional and state-law claims [D.E. 1]. On August 24, 2016, plaintiffs amended their complaint [D.E. 5]. On August 31, 2016, Jeff Mathis of defendant Jeff Mathis Home Inspection Service apparently mailed plaintiffs a letter denying plaintiffs' assertions concerning Jeff Mathis Home Inspection Service, which the clerk docketed on September 6, 2016, as an "answer" to plaintiffs' amended complaint. See [D.E. 8].[1] On September 2, 2016, plaintiffs moved to amend their complaint [D.E. 7]. On September 8, 2016, defendants Jody Tingen, Pistol Tingen, and Prudential Prime Properties moved to dismiss the amended complaint under Federal Rules of Civil Procedure 12(b)(1) and

---

[1] On September 12, 2016, plaintiffs filed a document styled as an "amended complaint," which simply responded to the contentions in Jeff Mathis Home Inspection Service's answer. See [D.E. 18]. Having already amended their complaint once as a matter of course, see [D.E. 5], any further attempt to amend required defendants' written consent or the court's permission. See Fed. R. Civ. P. 15(a)(1)-(2). Because plaintiffs did not follow this procedure, the "amended complaint" at docket entry 18 is not an amended complaint and does not govern plaintiffs' claims.

12(b)(6) [D.E. 12] and filed a supporting memorandum [D.E. 13]. On September 12, 2016, defendant Danny Harrington moved to dismiss the complaint under Rule 12(b)(6) [D.E. 21], or in the alternative for a more definite statement under Rule 12(e) [D.E. 23], and filed supporting memoranda [D.E. 22, 24]. On September 16, 2016, plaintiffs responded in opposition to defendants Jody Tingen, Pistol Tingen, and Prudential Prime Properties' motion to dismiss [D.E. 26]. On October 12, 2016, Jeff Mathis Home Inspection Service moved to dismiss the amended complaint under Rule 12(b)(6) [D.E. 32] and filed a supporting memorandum [D.E. 33]. On March 8, 2017, plaintiffs again moved to amend their complaint [D.E. 41].

As explained below, the court grants in part plaintiffs' first motion to amend, denies plaintiffs' second motion to amend, grants in part and denies in part defendants Jody Tingen, Pistol Tingen, and Prudential Prime Properties' motion to dismiss, grants defendant Danny Harrington's motion to dismiss, grants defendant Jeff Mathis Home Inspection Service's motion to dismiss, and denies as moot defendant Danny Harrington's motion for more definite statement.

I.

On October 5, 2007, plaintiffs entered into a contract to purchase a home. Am. Compl. [D.E. 5] 3; [D.E. 1-3] 6–11. Defendant Jody Tingen of Prudential Prime Properties was plaintiffs' real-estate agent. Am. Compl. at 3. Before the deal closed, plaintiffs paid defendant Jeff Mathis Home Inspection Service to inspect the property and prepare a report. Id. On October 16, 2007, Mathis inspected the home and prepared the report, which noted an "obvious mold presence" and advised "testing and remediation" to address the mold. [D.E. 1-6] 5. Although Mathis sent the report to Jody Tingen, plaintiffs allege they never saw it because Jody Tingen and Pistol Tingen kept the report from plaintiffs. Am. Compl. at 3. On November 7, 2007, plaintiffs closed the purchase with the help of closing attorney Danny Harrington. See id. at 4–5, 8; [D.E. 1-4] 1–3.

2

In the months following closing, "plaintiffs began to notice mushroom like items growing in the bathroom" and "changes in their health for the worse such as stomach and breathing problems." Am. Compl. at 7. Plaintiffs had a specialist inspect the property. Id. On September 23, 2008, the specialist issued a report indicating "three high levels of mold that was unfit for [h]uman [h]abitation and [d]angerous for occupancy." Id.; see [D.E. 1-4] 7. On October 1, 2008, the City of Greenville's building inspector condemned the home. Am. Compl. at 7; see [D.E. 1-4] 15. The inspection also prompted plaintiffs' insurer to cancel plaintiffs' homeowner's policy "due to the presence of toxic mold on premises." Am. Compl. at 7; see [D.E. 1-4] 22. Because of the home's mold, plaintiffs allege that they "have been required to spend more than $17,000 on the property" and "incur[] medical bills as a result of the unfit condition of the home." Am. Compl. at 5.

Before plaintiffs purchased the residence, two renters, both white, occupied it. Id. at 3–4. One of the renters allegedly "kept getting sick because of the mold." Id. at 4. Nonetheless, when the residence went up for sale, the renters offered to purchase it. Id. at 6. Defendants Jody Tingen, Pistol Tingen, and Prudential Prime Properties rejected the offer, allegedly because the renters "were white people of their own color" and these defendants wanted to "move[] them out of harm's way" so as not "to get caught up of leasing or renting a flooded house to people of their own color." Id. at 4, 6. Instead of selling the residence to the white renters, plaintiffs allege that these defendants and the others "illegally profiled" plaintiffs, who are black, "to sell them a flooded home infected with mold with animus, dislike, hostility, . . . and negative prejudice with hate." Id. at 9; see id. at 4.

Roughly eight years after allegedly discovering the home's inhabitable conditions, plaintiffs sued defendants for "racially profiling black people in order to sell flooded homes," "racial discrimination against the plaintiffs," "unfair and deceptive trade practice acts," "unlawful

3

conspiracy as a team," "breach of fiduciary duty," and "real estate fraud." See [D.E. 1, 5]. They seek "civil compensatory damages in excess of $50,000,000 from each Defendant," "punitive damages in excess of $50,000,000 from each Defendant," and "clear and free deed of the property, from their closing attorney, Danny Harrington." Am. Compl. at 6.

II.

Plaintiffs have two pending motions to amend their complaint. See [D.E. 7, 41]. On September 2, 2016, they filed the first motion ("the September 2, 2016 motion")—after having already amended their complaint once as a matter of course. See [D.E. 5, 7]; Fed. R. Civ. P. 15(a). Although styled as a "Motion to Amend," plaintiffs did not attach a proposed amended complaint or "a form of the amended pleading indicating in what respect it differs from the pleading that it amends" as required by the Local Civil Rules. See Local Civ. R. 15.1(a). Instead, plaintiffs attempt to supplement their amended complaint by attaching a new exhibit. [D.E. 7] 5–6. The court grants the September 2, 2016 motion to this extent and allows plaintiffs to add the exhibit to their amended complaint. Cf. Knox v. Bissell Cos., Inc., No. 3:14-CV-00424-MOC, 2015 WL 4110727, at *2 (W.D.N.C. July 7, 2015) (unpublished); Ham v. Dep't of Pub. Safety & Corr. Servs., No. JKB-12-1706, 2013 WL 968285, at *1 (D. Md. Mar. 8, 2013) (unpublished); Savage v. N.C. Dep't of Corr., No. 5:06-CV-171-FL, 2007 WL 2904182, at *13 (E.D.N.C. Sept. 29, 2007) (unpublished).

On March 8, 2017, plaintiffs filed their second motion to amend ("the March 8, 2017 motion"). See [D.E. 41]. Plaintiffs again failed to attach a proposed amended complaint or "a form of the amended pleading indicating in what respect it differs from the pleading that it amends" as the Local Civil Rules require. See Local Civ. R. 15.1(a). It is also unclear what plaintiffs' seek to accomplish through the March 8, 2017 motion. It contains no new factual allegations, but instead asks to "amend the civil action" under 42 U.S.C. § 1983, to "amend civil action" under 29 U.S.C.

4

§§ 1109 and 1111, "to amend, civil action under Magnuson-Mass Warranty Act . . . under the Consumer Protection violation of unfair or deceptive trade practices," and "to amend Real Estate Fraud Commerce Code 27.1, past or existing facts." [D.E. 41] 2.

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). Accordingly, "[a] motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008). A different standard, however, applies when a party seeks leave to amend after the deadline set in the court's scheduling order has expired. Id. In that case,

> the party seeking to amend its pleading must clear two hurdles. First, the party must demonstrate "good cause" under Rule 16(b)(4) of the Federal Rules of Civil Procedure to modify the scheduling order. See Nourison[, 535 F.3d at 298]. Second, the party must obtain either leave of court or consent of the opposing party under Rule 15(a)(2) to amend the pleading.

Belcher v. W.C. English Inc., 125 F. Supp. 3d 544, 548 (M.D.N.C. 2015); see Nourison, 535 F.3d at 298–99; Stonecrest Partners, LLC v. Bank of Hampton Roads, 770 F. Supp. 2d 778, 784 (E.D.N.C. 2011); United States v. Godwin, 247 F.R.D. 503, 505–06 (E.D.N.C. 2007).

On November 15, 2016, the court issued a scheduling order and ordered that "motions to join additional parties and to amend pleadings must be made promptly after the information giving rise to the motion becomes known to the party or counsel. Any such motion filed after January 20, 2017, must meet the standards of Fed. R. Civ. P. 15 and 16." [D.E. 36] 3. Plaintiffs missed this deadline by filing their most recent motion to amend on March 8, 2017, and do not even contend that good cause exists to modify the scheduling order. Thus, the court denies the motion to amend. See, e.g., Nourison, 535 F.3d at 298–99; Belcher, 125 F. Supp. 3d at 548–49; Stonecrest Partners, LLC, 770 F. Supp. 2d at 784–86; Godwin, 247 F.R.D. at 506–08. The amended complaint at docket entry 5,

5

supplemented by the exhibit added pursuant to the September 2, 2016 motion, remains the operative complaint.

### III.

#### A.

Defendants Jody Tingen, Pistol Tingen, and Prudential Prime Properties move to dismiss the amended complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction. [D.E. 12, 13]. Although difficult to distill from plaintiffs' amended complaint and other filings, plaintiffs assert claims under the Fifth and Fourteenth Amendments' guarantees of due process and equal protection. See Am. Compl. at 4–5, 8–9; [D.E. 7] 25.[2] These claims "aris[e] under the Constitution, laws, or treaties of the United States" and appear on the face of plaintiffs' well-pleaded complaint. See 28 U.S.C. § 1331; Duke Power Co. v. Carolina Envtl. Study Grp., Inc., 438 U.S. 59, 70 n.13 (U.S. 1978); King v. Marriott Int'l Inc., 337 F.3d 421, 424 (4th Cir. 2003). Thus, the court has federal-question jurisdiction over the federal claims and supplemental jurisdiction over the state-law claims. See 28 U.S.C. §§ 1331, 1367.

In opposition to this conclusion, defendants make two arguments. First, they contend that the Fifth Amendment provides no basis for jurisdiction because "[t]he Fifth Amendment of the Constitution refers to criminal rights and this is a purely civil action," making the Fifth Amendment "clearly not applicable." [D.E. 13] 4. The court rejects this argument. See, e.g., Davis v. Passman, 442 U.S. 228, 230–36, 248–49 (1979); Bolling v. Sharpe, 347 U.S. 497, 498–500 (1954). Second, defendants contend that the Fourteenth Amendment does not apply because this case involves no state action [D.E. 13] 4–5. However, dismissal for lack of state action under the Fourteenth

---

[2] To the extent the Fifth and Fourteenth Amendments do not support a direct cause of action, the court liberally construes pro se plaintiffs' complaint as bringing these claims under 42 U.S.C. § 1983.

Amendment "is based upon a failure to state a claim upon which relief may be granted, rather than on lack of subject matter jurisdiction." Carter v. Norfolk Cmty. Hosp. Ass'n, Inc., 761 F.2d 970, 971 (4th Cir. 1985). Thus, the court denies the motion to dismiss under Rule 12(b)(1).

B.

Defendants move to dismiss the amended complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.[3] A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). A court need not accept a complaint's "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). The court, however, "accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in

---

[3] Before retaining counsel, Jeff Mathis of defendant Jeff Mathis Home Inspection Service mailed a letter responding to plaintiffs' complaint, which the clerk docketed as an "Answer." See [D.E. 8]. After answering the complaint, Jeff Mathis Home Inspection Service retained counsel and moved to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. See [D.E. 32]. A party must file a Rule 12(b)(6) motion before filing its answer. See Fed. R. Civ. P. 12(b). Where, as here, a party moves to dismiss for failure to state a claim after it has already answered the complaint, courts construe the motion as one for judgment on the pleadings under Rule 12(c). See, e.g., Burbach Broad. Co. of Del. v. Elkins Radio Corp., 278 F.3d 401, 405 (4th Cir. 2002); Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999); see also Fed. R. Civ. P. 12(h)(2)(B). A court ruling on a Rule 12(c) motion applies the same standard as when deciding a Rule 12(b)(6) motion. Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 375 (4th Cir. 2012); Burbach Broad. Co. of Del., 278 F.3d at 405–06. Accordingly, the court construes Jeff Mathis Home Inspection Service's Rule 12(b)(6) motion as one made under Rule 12(c) and analyzes it alongside the other defendants' Rule 12(b)(6) motions.

7

weighing the legal sufficiency of the complaint." Id. Construing the facts in this manner, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. (quotation omitted).

The standard used to evaluate the sufficiency of a pleading is flexible, "and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson, 551 U.S. at 94 (quotation omitted). Erickson, however, does not "undermine [the] requirement that a pleading contain 'more than labels and conclusions.'" Giarratano, 521 F.3d at 304 n.5 (quoting Twombly, 550 U.S. at 555); see Iqbal, 556 U.S. at 677–83; Coleman, 626 F.3d at 190; Nemet Chevrolet, Ltd., 591 F.3d at 255–56; Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

As for plaintiffs' federal claims, plaintiffs allege that defendants discriminated against them on the basis of their race, or took other actions against them, in violation of the Fifth and Fourteenth Amendments' guarantees of due process and equal protection. Claims under either amendment, however, require government action, not purely private conduct. See, e.g., Shelley v. Kraemer, 334 U.S. 1, 13 (1948) ("[The Fourteenth Amendment] erects no shield against merely private conduct, however discriminatory or wrongful."); Corrigan v. Buckley, 271 U.S. 323, 330 (1926) ("The Fifth Amendment is a limitation only upon the powers of the General Government, and is not directed against the action of individuals." (citation and quotation omitted)). The same conclusion holds true for claims brought under 42 U.S.C. § 1983. See, e.g., American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) ("Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." (quotation omitted)). Plaintiffs do not allege that any of the defendants are government actors or otherwise acted under color of state law. Thus, the court

8

dismisses plaintiffs' claims alleging violations of the Fifth and Fourteenth Amendments.

Having dismissed plaintiffs' federal claims, the court declines to exercise supplemental jurisdiction over plaintiffs' state-law claims. See 28 U.S.C. § 1367(c)(3); Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966); ESAB Grp., Inc. v. Zurich Ins. PLC, 685 F.3d 376, 394 (4th Cir. 2012); Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir. 1995).[4] If plaintiffs wish to pursue their state-law claims, plaintiffs may file an action in state court.

## IV.

In sum, the court GRANTS plaintiffs' first motion to amend [D.E. 7] to the extent it supplements the amended complaint by adding an exhibit, DENIES plaintiffs' second motion to amend [D.E. 41], GRANTS IN PART and DENIES IN PART defendants Jody Tingen, Pistol Tingen, and Prudential Prime Properties' motion to dismiss [D.E. 12], GRANTS defendants Danny Harrington and Jeff Mathis Home Inspection Service's motions to dismiss [D.E. 21, 32], DISMISSES plaintiffs' federal claims, DECLINES to exercise supplemental jurisdiction over plaintiffs' state-law claims, and DENIES as moot defendant Danny Harrington's motion for more definite statement [D.E. 23]. The clerk shall close the case.

SO ORDERED. This **10** day of April 2017.

JAMES C. DEVER III
Chief United States District Judge

---

[4] Plaintiffs' state-law claims provide no independent basis for subject-matter jurisdiction based on diversity of citizenship because plaintiffs allege that all parties to this action are North Carolina residents. See Am. Compl. at 2; see also 28 U.S.C. § 1332(a).

9